[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on May 26, 1986 in Bloomfield, Connecticut. The plaintiff has continuously resided in this state since that time. There are two minor children issue of the marriage: Matthew Tyler Berman, born December 24, 1990; and Marc Jared Berman, born November 7, 1993.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 13 years. The plaintiff is 34 years old and in good health. After the birth of their first child in 1990, the plaintiff remained at home and took on the traditional role of homemaker. She did, however, do some part time work on a sporadic basis. The plaintiff has a B.S. degree and was earning approximately $28,000 per year at Bristol Meyers Squibb when she stopping working.
The defendant is 40 years of age and in good health. He has been employed by IBM since prior to the marriage. He also has a B.S. degree. He is presently earning approximately $89,856 per year plus bonuses. The defendant's 1998 bonus paid in March 1999 was approximately $8,000 net. The defendant's company has transferred him to several locations in Connecticut and New York throughout his employment.
In 1998, the defendant transferred to the Southbury IBM to be closer to his children who had relocated to the Hartford area. The defendant claims his new position is a downward one and that future bonuses will be for a lesser amount.
The plaintiff is presently working approximately 22 hours per week to accommodate the school schedule of their two children aged eight and five. She is employed as a secretary for her sister, an attorney, taking care of accounting and bookkeeping for conservators. She is presently earning approximately $11,440 per year. CT Page 4944
The plaintiff claims the defendant was very controlling over everything especially finances and in the maintenance of a budget. The plaintiff claims the marriage began to unravel in March 1996 when the defendants mother became seriously ill in Massachusetts.
The defendant claimed the plaintiff wanted to spend money beyond his means.
The parties went to marriage counseling, without success.
In November 1997, the plaintiff, without any notice to the defendant, moved out of the marital home, taking their children and a substantial amount of personal property from the marital home. The defendant returned home from work to an almost empty home, no wife and no children.
The parties sold the marital home in August 1998. Each party took a distribution of $20,000 each. The husband used some of his proceeds for a motor vehicle and counsel fees. The plaintiff used some of her proceeds for counsel fees, an IRA, and a Smith Barney money market account. There is a remaining balance of $62,027.30 plus accrued interest being held in escrow subject to distribution.
The defendant cashed in a joint certificate of deposit in the amount of $5,000 and used the proceeds toward counsel fees.
The parties received $7,500 each from the defendant's mother, as an inheritance. The defendant took charge of this money and used it to purchase replacement items that were removed from the home by the plaintiff, in addition to counsel fees, a Disney World vacation with the children, and real estate taxes of $1,345 was paid off.
The plaintiff's Visa bill of $1,345 was also paid in full. Although plaintiff received a check for $7,500, she did not have free rein over its distribution except for the $5,000 that she put in her children's name.
The parties also have an American Express account of approximately $10,000 and U.S. Savings Bonds totaling $7,775. CT Page 4945
The defendant has a substantial tax deferred savings plan (TDSP) through his employer, IBM, in the approximate amount of $194,000, the sum of $22,000 of this TDSP was earned prior to the marriage. The defendant also has a small pension valued at $14,000.
During the course of the marriage, the defendant purchased U.S. Savings Bonds for his nieces and nephews in the amount of approximately $8,000. The defendant is in possession of these bonds and his name is on these bonds along with the name of the niece/nephew. The defendant could, if he so chose to, cash in these U.S. Savings Bonds.
The defendant also has some IBM stock options valued at approximately $5,611.
The plaintiff has substantial jewelry which she values at $10,000. The defendant valued the jewelry at $17,000.
Unfortunately, the parties were unable to resolve their marital difficulties. No useful purpose would be served by a review of all the evidence presented by the parties in this matter. The court has highlighted some of the financial issues presented by the parties.
The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the appropriate statutory criteria in entering the following orders.
CUSTODY AND VISITATION
1. The parties shall share joint legal custody of the minor children with physical care to the plaintiff. The parties have entered into a written stipulation with respect to the schedule of contact and visitation with the children, with the assistance of the attorney for the minor children whose assistance was invaluable. The stipulation is approved and entered as an order of this court. The stipulation is attached hereto and made a part of this judgment.
2. Neither party shall relocate his/her residence out of the State of Connecticut without giving the other party 90 days advance notice of the same, said notice to be in writing. CT Page 4946
3. Neither party shall make any unilateral decision or take unilateral actions regarding matters of substance affecting the health, education and welfare of the minor children. The parties shall confer and consult concerning said matters.
MEDICAL INSURANCE
1. The defendant shall continue to maintain medical coverage/health insurance as is available through his place of employment for the benefit of the minor children.
2. The defendant shall be responsible for the payment of unreimbursed health care expenses for the minor children not covered by his insurance to the total combined sum of $900 per year. Thereafter, the parties shall equally divide any uninsured, unreimbursed health care expense incurred by the minor children.
3. The terms of § 46b-84d C.G.S. shall apply to the processing of claims and reimbursements for health care services.
PERSONAL PROPERTY
1. The defendant shall be entitled to the following items of personal property.
a) copies of all videos and reprints of all photos containing Matthew or Marc prior to November 4, 1997 at the defendant's expense;
b) defendant's parent's family video;
c) copy of wedding video at plaintiff's expense;
d) section sofa from Wayside, delivered 10/97;
e) Sony STR-D715 amplifier am/fm;
f) Sony TC-WR520 stereo cassette player;
g) Infinity 80+ stereo speakers; CT Page 4947
h) Panasonic Palmcorder;
i) one crystal piece;
j) Nao by Llladro little boy soccer player
 k) children's bronze baby shoes shall be divided as suggested by the defendant;
1) Wedgewood collection;
m) copper pot from Jordan;
n) David Winter's cottage collection;
o) Lilliput home cottage collection;
p) defendant's mother's gold hoop earrings;
q) the blue ceramic butterflies;
r) items knitted by defendant's mother;
s) Hawaii book; Tom Clancy and John Grisham books;
 t) defendant's "CU-BUFF" Connecticut license plate, if in existence.
2. Said items shall be turned over to the defendant within 30 days of date.
OTHER PROPERTY
1. Each party shall retain sole title to their respective motor vehicles.
2. Each party shall retain any funds in their separate checking and bank accounts presently in their possession.
3. The parties' joint American Express Financial Advisors mutual fund shall be equally divided between the parties.
4. The U.S. Savings Bonds in the parties' names joint or individual shall be distributed equally between the parties so that each party receives 50% of the current face values. CT Page 4948
5. The plaintiff shall retain her IRA account and her Smith Barney account.
6. The defendant shall retain his IBM sock options valued at approximately $5,611.
7. The plaintiff shall retain the jewelry in her possession except as set forth herein.
UNALLOCATED ALIMONY AND CHILD SUPPORT
A.
1. Both parties have requested awards of unallocated alimony and child support. The defendants shall pay to the plaintiff as unallocated alimony and child support the sum of $600 per week.
Said unallocated alimony and child support shall be paid until the first of the following events to occur:
a) the death of either party;
b) the plaintiffs remarriage;
c) the plaintiffs cohabitation as defined by statute;
d) five years from date.
Said order regarding unallocated alimony and child support shall be non-modifiable as to term. The plaintiff has an educational background which will allow her to reenter the business world. She is presently gainfully employed part time in an attorney's office. In five years, both children will have been in school full time during which time the plaintiff will have been able to hone her business skills sufficiently to obtain full time employment.
2. Upon the happening of one of the events as set forth above, the defendant's obligation for the support of the plaintiff, that is, alimony, shall cease and terminate. The defendant shall thereafter pay child support for each of the minor children in accordance with the child support guidelines CT Page 4949 in effect at that time. The unallocated award of alimony and child support shall remain in effect until the modification to reflect the payment of child support only, as triggered by the happening of one of the events as set forth above, is heard and new orders for child support are entered by the court. In the event the child support award is less than the existing orders, the defendant shall receive credit for any excess amount paid in such manner as the parties agree or the court deems appropriate.
B. BONUS
1. The defendant received a bonus for the year 1998 in March of 1999. As an additional award of alimony, the defendant shall pay to the plaintiff 30% of the net amount of his 1998 bonus. Said amount shall be non-deductible by the defendant and non-includable in the plaintiff's income for federal and state tax purposes.
2. Should the defendant receive a bonus for the years 1999 and 2000 in the years 2000 and 2001, he shall pay to the plaintiff an additional alimony, 20% of the net amount of any bonus he receives in the year 2000 to the plaintiff and 15% of the net amount of any bonus he receives in the year 2001 to the plaintiff.
3. Thereafter, that is, after the year 2001, should the defendant receive a bonus, he shall be entitled to retain any such bonus.
4. The bonus award to the plaintiff shall also terminate upon the death of either party, the plaintiff's remarriage or her cohabitation as defined by statute.
5. The bonuses shall be non-deductible by the defendant and non-includable in the plaintiffs income for federal/state income tax purposes.
C. SUMMER CAMP
The defendant shall pay one-half of the costs of the summer camp that the parties agree on.
ESCROW FUNDS
CT Page 4950
1. The remaining balance of the escrow fund plus accrued interest, represents the balance of the net proceeds from the sale of the marital home. Each party has already received $20,000 and each party has used their respective share as they saw fit. The sum of $3,000 was used to pay a retainer to the attorney for the minor children.
2. The court has taken into consideration the defendant's retaining of his stock options and his unilateral use of the $5,000 certificate of deposit. The court has also considered his use of the $15,000 inheritance as set forth in Plaintiff's Exhibit 8.
3. It is ordered that the plaintiff shall receive 58% of the escrow fund plus accrued interest and the defendant shall receive 42% of the escrow fund plus accrued interest.
CHILDREN'S ACCOUNTS
1. The parties have established UGMA/UTMA accounts for the benefit of the two minor children. These accounts shall be divided so that each party shall be custodian or trustee for one half of the funds of each child. Each party shall provide the other with copies of the most recent statement for all such accounts by January 15 of each year.
2. Said accounts shall be maintained for the education and welfare of the minor children and shall not be dispersed or invaded during each child's minority without the mutual agreement of the parties.
3. With respect to the U.S. Savings Bonds of the children as already established by the parties, it is ordered that each party shall be trustee for one-half of the children's U.S. Savings Bonds. The U.S. Savings Bonds of the minor children shall not be cashed in without the agreement of the parties.
4. It is the court's intent that all the children's funds be left intact, and to be used as set forth above.
PENSION/401k PLANS
1. The plaintiff shall be entitled to one-half of the defendant's tax deferred savings plan (TDSP) which has a value as of March 1999 in the amount of $194,061.66. The plaintiff's CT Page 4951 interest shall be secured by means of a QDRO which shall be prepared by the plaintiff. The defendant shall cooperate in providing the necessary information and documents.
2. The defendant shall be entitled to his pension through IBM in the amount of approximately $14,000.
COBRA
The defendant shall cooperate with the plaintiff to enable her to obtain COBRA health insurance benefits as are available through the defendant's employment. The plaintiff shall be responsible to pay the cost of maintaining such coverage.
DEBTS
Each party shall be responsible for the debts as set forth in their respective financial affidavits.
LIFE INSURANCE
The defendant shall maintain a life insurance policy naming the plaintiff as trustee for the benefit of the minor children in the amount of $250,000 for as long as he has an obligation to pay child support to the plaintiff. This provision shall be modifiable.
COUNSEL FEES
1. Each party shall be responsible to pay their own counsel fees incurred in this matter.
2. Each party shall be responsible to pay one-half of any sum due and owing to the attorney for the minor children. If any sums are due to the attorney, said sums shall be paid within 30 days of date.
INCOME TAX DEDUCTIONS
1. So long as the unallocated award of alimony and child support is in effect, the plaintiff shall be entitled to claim the oldest child as a dependent for federal and state income tax purposes commencing with the tax year 1999.
2. This provision shall be modifiable. CT Page 4952
Coppeto, J.